UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO MARQUEZ,

            Plaintiff,

-against-

BRUCE D. KLEIN; KALIE CONDLIFFE;
ALLISON KLINE; TINA HAMBLETON,

            Defendants.

19-CV-8867 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Named as defendants in this complaint are two Legal Aid Society attorneys (Bruce D. Klein and Kalie Condliffe), a Legal Aid Society social worker (Tina Hambleton), and an assistant district attorney (Allison Kline). Plaintiff alleges that Defendants have subjected him to cruel and unusual punishment, and violated his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). The complaint does not provide much detail about what

2

occurred, but it is clear that Plaintiff is objecting to aspects of his ongoing criminal proceedings in New York State court. Plaintiff refers to an evaluation under New York Criminal Procedure Law § 730, and he asserts that Defendants defamed him and violated his privacy by making "false statement[s]" about his mental health. Plaintiff denies having any psychiatric history. Plaintiff asserts that he is "scared" of lawyers and of "people calling me M.O. or 730," and that he has "nightmares of when [he] was sent to the hospital." Plaintiff seeks money damages.

## DISCUSSION

### A.  Legal Aid Society Attorneys and Social Worker

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendants Klein, Condliffe, and Hambleton are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983.

**B.    Assistant District Attorney**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant Kline are based on actions within the scope of Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C.    HIPAA**

Plaintiff alleges that Defendants violated his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the privacy rules enacted under that statute. Plaintiff's claims under HIPAA must be dismissed because there is no private right of action under that statute or the privacy rules. *See Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44

4

(2d Cir. 2015) (summary order) (noting that "[i]t is doubtful that HIPAA provides a private cause of action at all"); *Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."). Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. *See* 42 U.S.C. § 300gg-22; *Mascetti v. Zozulin*, No. 09-CV-0963 (PCD), 2010 WL 1644572, at *4 (D. Conn. Apr. 20, 2010) ("Enforcement of [HIPAA] and its regulations is limited to the Secretary of Health and Human Services; thus, there is no private right of action.").

For these reasons, the Court dismisses Plaintiff's claims under HIPAA.

**D.     Eighth Amendment**

Plaintiff asserts that Defendants have subjected him to "cruel and unusual punishment," thus invoking the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibition against "cruel and unusual punishment" applies to individuals who are in custody, *Jenkins v. N.Y.C. Dep't of Homeless Servs.*, 643 F. Supp. 2d 507, 511-12 (S.D.N.Y. 2009); *Lane v. Carpinello*, No. 07-CV-751, 2009 WL 3074344, at *18 (N.D.N.Y. Sept. 24, 2009) (citing *Youngberg v. Romeo*, 457 U.S. 307, 312 (1982)), and requires a showing that a correction official was deliberately indifferent to a substantial risk of serious harm to the plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

Although Plaintiff is in custody, he is alleging that Defendants are violating his federally protected rights by putting his mental health at issue during his ongoing criminal case. But Plaintiff's claims are not about the conditions of his confinement, and he does not allege that Defendants were deliberately indifferent to a substantial risk to him. He thus fails to state a claim under the Eighth Amendment.

5

### E. State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiff's federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### F. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 28, 2019
New York, New York

*Colleen McMahon* (signature)

COLLEEN McMAHON
Chief United States District Judge